UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MINACORE INVESTMENTS, LLC | * | CIVIL ACTION |
| VERSUS | * | NO. 22-4086 |
| OLD REPUBLIC INSURANCE COMPANY, ET AL. | * | SECTION "J" (2) |

## ORDER AND REASONS

Before the Court is Plaintiff Minacore Investments, LLC's *Motion for Leave to File Second Amended Complaint*, **(Rec. Doc. 34),** to which Defendant Entergy Corporation timely filed an opposition. (Rec. Doc. 35). Also before the Court is a *Motion to Vacate Prior Order Pursuant to Rule 54(b) or, Alternatively, Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Rule 12(b)(1)* **(Rec. Doc. 21)** filed by Defendant Entergy Corporation. Plaintiff has opposed this motion. (Rec. Doc. 28). Having considered the record, the memoranda, and the applicable law, the Court finds that Entergy's motion should be **DENIED** and Plaintiff's motion should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

Plaintiff Minacore Investments, LLC alleges that Defendant Emanuel Small Jr., while employed by Landstar Ranger, Inc., drove a tractor-trailer into a fiber optic trunk line, resulting in a downed utility pole and detaching several electrical meters installed on Plaintiff's property, causing damage. Plaintiff filed suit in the 24th Judicial District Court for the Parish of Jefferson, and Defendants removed the action to this Court. Plaintiff amended its complaint to add claims against Cox

1

Communications, Inc., AT&T Corporation, Entergy Corporation ("Entergy"), and several unidentified insurance companies. The addition of Entergy, which has its principal place of business in Louisiana, destroys diversity. In Plaintiff's first supplemental and amended complaint (Rec. Doc. 16), Plaintiff's claims against Entergy were listed "in the alternative" to its claims against Defendant Emanuel Small, Jr., the truck driver, and his employer. Entergy responded by filing a motion to vacate Plaintiff's amended complaint or alternatively dismiss for lack of subject matter jurisdiction based on its non-diverse status. (Rec. Doc. 21)

Because of the addition of new parties in the amended complaint, this Court granted a motion to continue the trial and pre-trial dates and allowed Plaintiff to file an amended complaint that alleges a plausible claim against Entergy. (Rec. Doc. 31). The Court deferred ruling on Entergy's motion to vacate or alternatively dismiss until it could evaluate Plaintiff's second attempt at an amended complaint. Plaintiff has now moved to file a Second Amended Complaint, arguing that there is no prejudice, bad faith, undue delay or futility, rendering amendment proper under Rule 15(a). (Rec. Doc. 34, at 1).

## LEGAL STANDARD

When an amendment in a removed case would deprive the court of subject matter jurisdiction, 28 U.S.C. § 1447(e), rather than Rule 15(a), controls the court's analysis. *Schindler v. Charles Schwab & Co.*, No. 05-0082, 2005 WL 1155862, at *2 (E.D. La. May 12, 2005) (collecting cases concluding that "§ 1447(e) trumps Rule 15(a)."); *Ascension Enters. v. Allied Signal, Inc.*, 969 F. Supp. 359, 360 (M.D. La.

1997). Under § 1447(e), the court has discretion to either grant the amendment and remand or deny the amendment:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

28 U.S.C. § 1447(e); *accord Schindler*, 2005 WL 1155862, at *2 (citing *Ascension Enters., Inc.*, 969 F. Supp. at 360); *see also Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 475, 488 (5th Cir. 2001). Courts must scrutinize proposed amendments naming non-diverse defendants in removed cases more closely than they would ordinary proposed amendments. *Moore v. Manns*, 732 F.3d 454, 456 (5th Cir. 2013) (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)). When analyzing whether to allow the addition of a non-diverse defendant in a removal case, the Court must consider the factors outlined by the Fifth Circuit in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987). G & C Land v. Farmland Mgmt. Servs., 587 F. App'x 99, 103 (5th Cir. 2014) ("In Hensgens v. Deere & Co., this court directed district courts to exercise discretion when deciding whether to join a non-diverse party. . . .").

In *Hensgens,* 833 F.2d 1179, 1182 (5th Cir. 1987) (referring to 28 U.S.C. § 1447(c) which was later amended, and the current relevant section is 28 U.S.C. § 1997(e)) the Fifth Circuit instructed that resolution of whether to permit a diversity-destroying amendment involves assessing the "competing interests" of (1) avoiding parallel federal/state proceedings with the inherent dangers of inconsistent results and the waste of judicial resources; and (2) a diverse

defendant's statutorily granted choice of a state or federal forum. *Id.* Balancing these competing interests is not served by a "rigid distinction of whether the proposed added party is an indispensable or permissive party" under the Federal Rules of Civil Procedure. *Id.* Rather, the court should consider a number of factors in deciding whether to allow post-removal joinder of a non-diverse defendant, including: (1) whether the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff was dilatory in requesting the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) whether any other factors bear on the equities. *Id.* The decision of whether to deny joinder or permit joinder and remand under 28 U.S.C. § 1447(e) is within the discretion of the district court. *Id.*

## DISCUSSION

In the instant case, the Court finds that the equities weigh in favor of granting Plaintiff's request to amend. As to the first *Hensgens* factor, whether the purpose of the amendment is to defeat federal jurisdiction, Plaintiff argues that its purpose in joining Entergy as a defendant was to "streamline litigation and eliminate the need of parallel suits." (Rec. Doc. 28, at 4). Plaintiff's claim against Entergy asserts that "the probability and placement of the overhead electrical lines and/or fiber optic cable caused on contributed to the incident at issue." *Id.* Therefore, Plaintiff argues, the claim against Entergy is not meant to defeat jurisdiction, but rather to bring what it asserts is a valid claim against a potentially negligent entity.

Defendant Entergy argues that the claims against it are "the same vague and ill-defined allegations" merely with a "[deletion of] its previous admission that its claims against Entergy were 'in the alternative.'" (Rec. Doc. 35, at 4). Entergy is correct that the main issue in Plaintiff's first supplemental and amended complaint was the nature of its claims against Entergy "in the alternative." However, in Plaintiff's second amended complaint, Plaintiff does more than simply remove the alternative condition. Instead, Plaintiff expands on its claims against Entergy, clarifying that it now claims that Entergy failed to maintain or inspect its overhead lines, failed to ensure that they were at a sufficient height for vehicles to travel, failed to have them periodically inspected, and failed to warn drivers of the dangerous condition. This Court cannot weigh whether Plaintiff will be able to prove these claims, but equally the Court cannot say that there could be no purpose for suing Entergy except to destroy diversity.

The second *Hensgens* factor, whether Plaintiff was dilatory in requesting this amendment, admittedly weighs in favor of Entergy. Plaintiff did not assert claims against Entergy for seven months after this case was removed to federal court. However, this delay alone when weighed against the other *Hensgens* factors is not a sufficient reason to deny Plaintiff the opportunity to bring a claim against Entergy in one streamlined case. *See Vincent v. East Haven Ltd. P'ship*, 2022 WL 31654955 at *3 (E.D. La. Nov. 20, 2002) (finding amendment five months after state court filing not dilatory).

5

The third *Hensgens* factor asks whether the Plaintiff will be significantly injured if the amendment is not allowed. Specifically, courts often assess whether there would be a significant financial burden on plaintiffs to maintaining two parallel lawsuits arising out of the same facts. *Kelly v. HoMedics, Inc.*, 2023 WL 8016066 at *4 (E.D. La. Nov. 20, 2023). Plaintiff asserts that without the joinder of Entergy, she would be forced to litigate claims arising out of the same set of facts simultaneously in state and federal court. (Rec. Doc. 28, at 5-6). The risk of inconsistent results and the potential financial burden on Plaintiff clearly weigh in favor of granting Plaintiff leave to amend.

Finally, the fourth *Hensgens* factor asks whether there are any other factors bearing on the equities. As to this factor, Plaintiff argues that judicial economy would be best served by allowing this matter to proceed as a whole in state court. Plaintiff asserts that there is a general presumption in favor of state jurisdiction and that "there is no reason for a court to interfere [with joinder], unless the plaintiff had impermissibly manufactured diversity or used an unacceptable device to defeat diversity." *Estate of Horvath v. Ciocca*, 2008 WL 938927, at *6 (E.D. Pa. Apr. 4, 2008). Plaintiff is correct that there are no federal claims at issue in this case. Thus, a state court is equally well suited to litigating the claims in this matter and, in fact, has a greater interest in doing so.

Although Plaintiff likely should have brought its claims against Entergy earlier in this case and should have initially phrased them in a more precise way, Plaintiff's second amended petition (Rec. Doc. 34-4) sufficiently cures these issues.

6

Therefore, this Court cannot deny Plaintiff leave to amend merely based on the fact that it was dilatory in bringing its initial claim against Entergy.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Entergy's *Motion to Vacate Prior Order Pursuant to Rule 54(b) or, Alternatively, Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Rule 12(b)(1)* **(Rec. Doc. 21)** is **DENIED**, and Plaintiff's *Motion for Leave to File Second Amended Petition* **(Rec. Doc. 34)** is **GRANTED**.

Because the joinder of Entergy destroys diversity jurisdiction, it is further ordered that this matter be **REMANDED** to the 24th Judicial District Court for the Parish of Jefferson.

New Orleans, Louisiana, this 4th day of September, 2024.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE